UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD TYLER,
    Plaintiff,

vs.                                                                 07-1211

J.C. ZUERCHER, et.al.,
    Defendants.

## MERIT REVIEWORDER

This cause is before the court for a merit review of the plaintiff's claims and consideration of his motion for appointment of counsel [d/e 8] and motion to add defendants. [d/e 7]. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review by telephone conference call.

The plaintiff, a pro se prisoner, has filed this lawsuit against five defendants at the Federal Correctional Institution in Pekin including Warden J.C. Zuercher and Food Service Directors Steve Dennis, Nancy Burnham, Manning Gamez and Daniel Scoot. The plaintiff has used a standard complaint form and has indicated that he is pursing his claims under 42 U.S.C. §1983. Since this is a claim against federal correctional center employees, his lawsuit would be filed pursuant to *Bivens v Six Unknown Federal Narcotics Agents,* 408 U.S. 388 (1971). However, after reviewing the complaint and attachments, its also possible the plaintiff meant to file this suit pursuant to the Federal Tort Claims Act. 28 U.S.C.§1346(b). (Herein FTCA).

The plaintiff apparently worked in the food service area at the correctional facility. He says he made several complaints about the faulty plumbing in his work area, but does not say who he specifically complained to. The plaintiff says due to the defendants "negligence," he slipped and fell at work on August 26, 2006. (Comp, p. 6) The plaintiff says he has suffered serious injuries as a result.

The plaintiff has marked the section on the complaint form stating that he has exhausted his administrative remedies as required, but the plaintiff does not say he filed any grievances. Instead, the plaintiff states that he filed a tort claim. (Comp., p. 5) The plaintiff has attached a copy of the initial tort claim. The plaintiff says his claim was denied.

The court finds the plaintiff has adequately alleged a violation of his Eight Amendment

1

rights based on the defendants failure to protect him from injury after he warned them about the unsafe conditions.   The issue of exhaustion is better handled in a motion for summary judgement.

The court also finds the plaintiff has alleged a claim pursuant to the FTCA.   The FTCA allows suits against the United States by those who were injured by the negligent acts or omissions of any government employee acting within the scope of their duties. 28 U.S.C.§1346(b).  The substantive law of the state where the alleged injury occurred governs actions under the FTCA.  *Midwest Knitting Mills, Inc. v United States*, 950 F.2d 1295, 1297 (7th Cir. 1991); *L.M. ex rel. K.M. v United States*, 344 F.3d 695, 698 (7th Cir. 2003).

The plaintiff has not named the proper defendant for his FTCA claim.  The act permits suit only against the United States, not its agencies or employees. 28 U.S.C. §§ 2679(a), (b)(1); *Finley v. United States*, 490 U.S. 545, 552-53 (1989); see also *Hughes v. United States*, 701 F.2d 56, 57 (7th Cir.1982).   Therefore, the court on its own motion will add the United States as defendant.

It is not entirely clear, but the plaintiff may also have been attempting to allege another Eighth Amendment violation that the defendants were deliberately indifferent to his medical care.  The plaintiff has not adequately made this claim.  First, he makes no mention of the claim in the body of his complaint.  The plaintiff says some medical personnel were deliberately indifferent to his medical condition in his attached tort claim.  Second, the plaintiff does not make any specific allegations against any of the named defendants.  Third, none of the named defendants appears to be responsible for medical care.  Finally, the plaintiff simply complains about his injuries, not the actions or inactions of the defendants in treating his injuries.   The court finds that the plaintiff has not adequately stated a claim of deliberate indifference to a serious medical condition.

The plaintiff has filed a motion to amend his complaint to add five new defendants: Regional Director Michael Nelly, Regional Counsel Richard Scott, Dr. Molina, Dr. Moots and Harriet Lappen.  Unfortunately, the plaintiff does not state anything further about these defendants.   It is doubtful individuals like the Regional Director or Regional Counsel had any direct involvement in the plaintiff's claims.  An individual is liable under §1983 only if he or she was "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001), *citing Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995).  Personal responsibility means participating directly in the constitutional violation or directing the unconstitutional conduct.  The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under  42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).   A supervisor cannot be held liable for the errors of his subordinates.

Even if the five new defendants had some involvement in the plaintiff's claims,  the court

does not permit piecemeal amendments.  Rule 15(a) of the Federal Rules of Civil Procedure does provide that a plaintiff "may amend his pleadings once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a)  However, if the plaintiff wishes to file an amended complaint, he must submit the proposed amended complaint setting forth all claims against all defendants.  The amended complaint must stand complete on its own, without reference to the initial complaint that it replaces.   This prevents confusion over intended claims and defendants.   The plaintiff's motion to amend is denied. [d/e 7]

The plaintiff has also filed a motion for appointment of counsel. [d/e 8]  Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.  At this point in the litigation, the plaintiff appears competent to proceed *pro se*, based on his submissions and his testimony at the hearing.  The motion is denied.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **a) The named defendants violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's health and safety.**
>
> **b) The United States violated the Federal Tort Claims Act when the plaintiff was injured on his job on August 16, 2006.**

**2) The clerk of the court is directed to add an additional defendant,  the United States.  The clerk is also instructed to fill out the proper service and summons forms for the Attorney General of the United States and the United States Attorney for proper service upon the new defendant..**

**3)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**4)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) The plaintiff's motion to add five new defendants is denied. [d/e 7] The plaintiff's motion for appointment of counsel is denied. [d/e 8]**

**6) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**7)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**8)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

      Entered this _____ Day of September, 2007.

                            s\Harold A. Baker

                           HAROLD A. BAKER
                      UNITED STATES DISTRICT JUDGE