**E-FILED**
Monday, 03 August, 2009  10:48:08 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD TYLER,
   Plaintiff,

vs.                    No. 07-1211,

J.C. ZUERCHER, et. al.,
   Defendants

<u>SUMMARY JUDGEMENT ORDER</u>

This cause is before the court for consideration of the defendants' motion to dismiss and motion for summary judgement. [d/e 37].

## I. BACKGROUND

The pro se plaintiff filed his complaint on August 9, 2007, pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against five defendants at the Federal Correctional Institution in Pekin, Illinois including Warden J.C. Zuercher and Food Service Directors Steve Dennis, Nancy Burnham, Manning Gamez and Daniel Scott. On September 24, 2007, the court conducted a merit review of the plaintiff's complaint and found the plaintiff has alleged that:

> 1) the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his health and safety; and,
> 2) the defendants violated the Federal Tort Claims Act when the plaintiff was injured on the job on August 16, 2006.

Due to the plaintiff's Federal Tort Claims Act, the United States was added as a defendant.

The plaintiff's complaint specifically claimed that he worked in the food service area and the individual defendants were aware that there was faulty plumbing in his area, but did nothing to fix it. On August 16, 2006, the plaintiff says he fell as a result of the leaking water and injured himself.

## II. FACTS

The plaintiff arrived at the Federal Correctional Institution in Pekin, Illinois, on June 28, 2006. On July 24, 2006, the plaintiff was assigned to work the morning shift in the prison kitchen.

The Bureau of Prisons Administrative Remedy Program is set forth in 28 C.F.R.§542.10, *et. seq.* Under this process, inmates must first attempt to resolve their complaints informally by discussing the problem with a member of their unit team. 28 C.F.R.§542.13. If informal resolution is

1

insufficient, the inmate may file a formal complaint with the Warden within 20 days of the incident. 28 C.F.R.§542.14.  If the inmate is still unsatisfied with the result, the inmate may appeal the response to the Regional Director within 20 days of the response.  28  C.F.R. §542.15.  If the regional response is insufficient, the inmate may file a nation appeal to the Office of General Counsel in Washington, D.C.  2 C.F.R.§542.15.  This is the final step in the grievance process within the Bureau of Prisons.

Sherri Nichols says she is the Warden's secretary at the Federal Correctional Institution in Pekin, Illinois. (Herein FCI Pekin)   Nichols says she also serves as the Clerk for the Administrative Remedy Program and therefore has access to the program records. (Def. Memo, Nichols Aff, p. 1).

Nichols says she has searched the records for all remedies filed by the plaintiff.   Nichols says the plaintiff filed one request for an administrative remedy to the Warden disputing his status in the Financial Responsibility Program.  He did not appeal this request.  (Def. Memo, Nichols Aff, p. 1)

The plaintiff also filed a remedy complaining about a delay in receiving medical care.  The request was denied and the plaintiff appealed to the Regional Office.  The appeal was also denied. The plaintiff attempted to appeal to the Administrator of National Inmate Appeals, but the appeal was rejected as untimely.   The plaintiff was given an opportunity to explain the delay in his appeal, but "[t]here is no indication that he did so."  (Def. Memo, Nichols Aff, p. 2).  Nichols says these are the only requests filed.

The plaintiff has provided copies to two inmate requests for informal resolution.  The first, dated September 12, 2006, states that the plaintiff was injured at work when he slipped on a wet floor and asks for money damages.   The response states "this is not the appropriate document to request monetary relief." (Plain. Resp, Ex. A).  The plaintiff is also told that he needs to file a tort claim.

The second inmate request is dated September 13, 2006, and does not relate to the claims in this complaint

The plaintiff admits he did receive a copy of the UNICOR Basic Safety Regulations and received and reviewed an Inmate Accident Compensation Procedures (IACP) booklet. (Plain. Resp.) On July 19, 2006 the plaintiff was given and signed the Basic Safety Regulations form which included a notice on how to file for Inmate Accident Compensation. (Def. Memo, App. 20). On October 12, 2007, the plaintiff was given an Inmate Accident Compensation booklet and the plaintiff indicated that he had previously received the booklet. (Def. Memo, App. 26)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim.  It is well established that pro se complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).  *See also Tarkowski v. Robert*

*Bartlett Realty Co.,* 644 F.2d 1204 (7th Cir. 1980).  They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines,* 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff.  *Bethlehem Steel Corp. v. Bush,* 918 F.2d 1323, 1326 (7th Cir. 1990).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56c.  Any discrepancies in the factual record should be evaluated in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson,* 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.  *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial."  *See* Fed. R. Civ. P. 56(e).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence."  Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts.  *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience."  *Visser*, 924 F.2d at 659.

## IV. ANALYSIS

### A. FAILURE TO STATE A CLAIM

The defendants correctly argue that the plaintiff has failed to state a claim under the Federal Tort Claims Act (FTCA) and his claim against the United States must be dismissed.  The plaintiff's claim stems from a work-related injury.  However, the Federal Prison Industries has created a designated fund which is authorized to pay "compensation to inmates or their dependents for injuries suffered in any industry or in any

3

work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. §4126(c)(4)  The Federal Regulations governing this program are entitled the Inmate Accident Compensation Act.

The United States Supreme Court has found that recovery under this act is the exclusive remedy for inmates injured on the job. *United States v Demko,* 385 U.S. 149 (1966).  Under the regulations, an inmate can recover for lost time, wages and for physical impairment or death. 28 C.F.R.§301.201, 28 C.F.R §301-302. *See also Paschal v United States,* 302 F.3d 768 (7th Cir. 2002)(a pretrial detainee who slipped and fell while working in federal prison kitchen could not bring suit under FTCA as the Inmate Compensation Program was his exclusive remedy).

The plaintiff was informed of the IACP and was given a booklet with instructions to follow.  The plaintiff also signed the Basic Safety Regulations form on July 19, 2006, which contained notice regarding how to file for compensation under the Inmate Accident Compensation Act.   The defendants motion to dismiss the plaintiff's claim pursuant to the Federal Tort Claims Act is granted.

## B. FAILURE TO EXHAUST

The defendants also convincingly argue the plaintiff failed to exhaust his administrative remedies for his *Bivens* claim as required.  The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001).  The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

The defendants argue the plaintiff did not exhaust his administrative remedies as required.   The defendants state the records of the Administrative Remedy Program demonstrate that the plaintiff initiated two administrative remedies, but neither was relevant to the claims in his complaint since one dealt with the Financial Responsibility Program and the other dealt with a delay in medical care for sleep apnea.

In response to the summary judgement motion, the plaintiff says he disagrees that he failed to exhaust his administrative remedies, but then also says "he does not dispute the fact that he did not take all of the steps in exhausting his administrative remedies as set forth under the Prison Litigation Act. " (Plain. Resp, p. 5).   The plaintiff says he tried to follow the procedures to first achieve an informal resolution to his complaints, but he was told he needed to file a tort claim.

The court notes that the plaintiff has provided copies of two inmate requests for informal resolution. One request has nothing to do with the claims in this complaint and is therefore not relevant.

The first inmate request, dated September 12, 2006, does state that the plaintiff was injured at work and is requesting monetary damages.  The response states "this is not the appropriate document to request monetary relief." (Plain. Resp, Ex. A).  The plaintiff is also told that he needs to file a tort claim.

The defendants do not explain why the plaintiff was told he needed to file a tort claim as opposed to a claim pursuant to the Inmate Accident Compensation Act.  Nonetheless, the defendants argue that the plaintiff still failed to exhaust his administrative remedies because his attempt at an informal resolution does not address the claims in his complaint.  The plaintiff simply says he was injured at work and would like to be compensated for his injuries.  The plaintiff makes no mention of any specific defendant and makes no mention of a continuing problem with leaking water.  The plaintiff also fails to claim that the defendants knew the leaking water was a problem and took no action to correct it.   Even if the plaintiff had fully exhausted this claim, he did not exhaust his administrative remedies for the Eighth Amendment claim before this court.

The court notes that in their motion for summary judgement, the defendants have provided copies of documents showing that the plaintiff was able to make a claim pursuant to the Inmate Accident Compensation Act.  The plaintiff did report his work injury to his supervisor and a injury report was completed. (Def. Mot, p. 16-18)  The plaintiff also received pay pursuant to the Inmate Accident Compensation Action for the eight days he was absent from work due to his injury. (Def. Mot, p. 21, 22)

**ITS IS THEREFORE ORDERED that:**

**1) The defendants' motion to dismiss and motion for summary judgement  is granted. The defendants motion to dismiss the plaintiff's claim pursuant to the Federal Tort Claim Act is granted for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A.  The defendants' motion for summary judgement on the plaintiff's claim that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his health and safety is also granted pursuant to  Fed. R. Civ. P. 56. [d/e 10]   The clerk of the court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to**

5

appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)c.  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 3rd day of August, 2009.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE